**Julio Lastra PADILLA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17744.**

United States Court of Appeals
Fifth Circuit.

May 2, 1960.

Rehearing Denied May 23, 1960.

Robert B. Thompson, Gainesville, Ga., for appellant.

Robert W. Rust, Asst. U. S. Atty., Miami, Fla., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

HUTCHESON, Circuit Judge.

Charged by indictment on January 8, 1959, in a single count, with conspiring with Mario Ayala Alejandro and divers other persons to the Grand Jury unknown to fraudulently and knowingly import and bring into the United States a quantity of narcotic drugs, to wit, cocaine, contrary to Section 173, and in violation of Section 174, of Title 21, U. S.C.A., the defendant-appellant, on March 13, 1959, filed a motion to dismiss the indictment on the grounds: (1) that the offense, if any, is cognizable only in the New York Division of the Southern District of New York; (2) that the indictment does not state facts sufficient to constitute an offense against the United States; and (3) that the court is without jurisdiction because defendant had been illegally brought into it. On March

19, 1959, the motion was denied, and the defendant, in writing waiving his right to be tried by jury and consenting to be tried by the court, was after trial found guilty and sentenced to a prison term of ten years and to pay a fine of $2,000.

Assigning three specifications of error,[1] appellant is here arguing vigorously under his first specification that the indictment fails to state an offense because the definition of "narcotic drugs", as found in the statute, does not specifically name cocaine, and the indictment does not otherwise state that cocaine is included within the statutory terms following:

"(a) Narcotic drugs—The words 'narcotic drugs' as used in this part shall mean any of the following, whether produced from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

"(1) Opium, isonipecaine, coca leaves and opiate;

"(2) Any compound, manufacture, salt, derivative, or preparation of opium, isonipecaine, coca leaves, or opiate;

"(3) Any substance (and any compound, manufacture, salt, derivative, or preparation thereof) which is chemically identical with any of the substances referred to in clauses (1) and (2)."

Standing firmly on, and citing authorities from this court, such as Sutton v. United States, 5 Cir., 157 F.2d 661; Alabama Packing Co. v. United States, 5 Cir., 167 F.2d 179; Clay v. United States, 5 Cir., 218 F.2d 483; and Babb v. United States, 5 Cir., 218 F.2d 538, in support of his position that an indictment is required to set out all of the essential elements of the offense which must be found by a jury before it can convict, appellant insists that the indictment here is insufficient to state an offense and the motion to dismiss was improperly denied.

With full recognition of the sincerity of counsel's general contention and the binding force of the authorities he cites, as applied to their particular facts, and a real appreciation of his intelligent and unstinted services as court appointed counsel, we think it quite clear that the indictment[2] in this case does not fall within the condemnation of this contention and that the authorities he cites are not in point here.

---

1. (1) The court erred in overruling appellant's motion to dismiss the indictment for failure to charge an offense against the United States;

(2) The court erred in overruling appellant's motion to dismiss the indictment on the ground that jurisdiction over his person had been illegally obtained;

(3) The court erred in overruling appellant's motion for a judgment of acquittal.

2. "The Grand Jury charges:

"That on or about August 10, 1957, and continuously thereafter up to and including August 26, 1957, in the Southern District of Florida, and elsewhere: Julio Lastra Padilla, alias Luis Rodriguez, alias Luis Ruvio, alias Julito Lastra, alias Mike Rodriguez, the defendant herein, unlawfully, wilfully, and knowingly did conspire and agree with Mario Ayala Alejandro, a co-conspirator but not a defendant herein, each with the other and with divers other persons to the Grand Jury unknown, to fraudu-lently and knowingly import and bring into the United States a quantity of narcotic drugs, to-wit: Cocaine, contrary to law, to-wit, Section 173 of Title 21, U.S.Code; in violation of Title 21, U.S.Code, Section 174.

"In pursuance and furtherance of said conspiracy and to effect the object thereof, the defendant and his co-conspirator did commit, among others, in the Southern District of Florida and elsewhere at the times and places hereinafter mentioned, the following Overt Acts:

"1. On or about August 10, 1957, Julio Lastra Padilla, the defendant herein, and Mario Ayala Alejandro, a co-conspirator herein, did meet and confer in the City of New York, New York.

"On or about August 26, 1957, Mario Ayala Alejandro entered the United States at Miami International Airport, in the Southern District of Florida, with a quantity of narcotic drugs, to-wit: Cocaine, in his possession. (In violation of Section 174, Title 21, U.S.Code.)"

■ Appellant's argument: "We are not advised by the record in this case whether cocaine is a derivative of one of the sources referred to in the above definition." is wholly without point in a discussion of the first specification, the validity of the indictment. This is so because, while on a motion in arrest after verdict any error in the indictment, that is any defect in it, short of its complete nullity, is cured by the verdict. Sutton v. United States, 5 Cir., 157 F.2d 666, note 1, whether the indictment charges an offense as against a motion to dismiss is a matter to be determined on its face and not by recourse to the testimony. Appellant's error consists in his assumption that since the statute does not specifically mention cocaine, the indictment, by charging its importation, does not state an offense. If he were correct in that assumption, he would, of course, be correct in the conclusion he draws from it. To test the incorrectness in this assumption, we need only refer to any standard dictionary which defines cocaine as:

"A bitter crystalline alkaloid obtained from coca leaves and having an initial stimulating, subsequently narcotic, effect if taken internally."

The question as to whether or not cocaine or cocaine hydrochloride comes within the statute as derivatives of coca leaves was settled long ago.[3]

In the Hughes case, supra, 253 F. at page 545, the court said:

"It is also urged that there was no evidence that morphine, heroin, and cocaine are derivatives of opium and coca leaves. We think that is a matter of which notice may be taken. In a sense the question is one of the definition or meaning of words long in common use, about which there is no obscurity, controversy, or dispute, and of which the imperfectly informed can gain complete knowledge by resort to dictionaries within reach of everybody. Had it deemed it necessary, the court might have affirmatively told the jury the nature of the drugs sold by the accused, but instead of doing so it assumed without question that they were of the kind covered by the statute, as in fact they were. The entire trial proceeded without objection upon that assumption. Common knowledge, or the common means of knowledge, of the settled, undisputed things of life, need not always be laid aside on entering a courtroom."

■ As to his second specification of error, while appellant does attempt to argue that if jurisdiction over defendant's person was illegally obtained, the court would be without jurisdiction to try him, the record conclusively shows, indeed appellant admits, that it contains no evidence whatever in support of the claim. In these circumstances, it will serve no useful purpose for us to consider or discuss the cases cited by him other than by citing Ragavage v. United States, 5 Cir., 272 F.2d 196; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L. Ed. 541; and Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L. Ed. 421, and saying that if in any instance the jurisdiction of a court to try a defendant could be challenged on the basis of an attack upon the methods employed to bring him within its jurisdiction, it is certainly essential that the facts on which he bases his attack be clearly and specifically established.

■ We come then to the third specification, that the court erred in overruling appellant's motion for a judgment of

---

3. Hughes v. United States, 8 Cir., 253 F. 543, 545.
   To the same effect, Williams v. United States, 5 Cir., 294 F. 682, 683; Chadwick v. United States, 5 Cir., 117 F.2d 902, 903; James v. United States, 5 Cir., 279 F. 111, 112; Greenberg v.

United States, 8 Cir., 285 F. 865, 867; United States v. Holmes, 7 Cir., 187 F.2d 222, 224, and United States v. Pisano, 7 Cir., 193 F.2d 355, 31 A.L.R.2d 409.
   Cf. Whitehead v. United States, 5 Cir., 245 F. 385.

acquittal. This, though not so stated in the specification, is in the argument based in substance on the same ground urged against the indictment, that there is no evidence disclosing facts from which the trier could find that cocaine is a drug, the importation of which is prohibited by statute. It is sufficient for its disposition, therefore, to say of it that upon the same general considerations stated and the same authorities heretofore set out by us in discussing specification No. One, we hold this specification is equally without merit.

The judgment was right, and it is affirmed.