472 P.2d 153 (1970)
BILL DREILING MOTOR COMPANY, Plaintiff in Error,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant in Error.
No. 70-088. (Supreme Court No. 23157.)
Colorado Court of Appeals, Div. II.
June 23, 1970.
*154 Maley & Schiff, P.C., by John T. Maley, Denver, for plaintiff in error.
A. M. Alloway, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in reverse order from their appearance at trial but shall be referred to as they appeared at trial.
The facts may be briefly stated. An automobile, having a Nebraska title with the name of Connie Pavel on its face as the owner, was sold to Omaha Volkswagen, Inc. The title was assigned to Omaha Volkswagen, Inc. Subsequently, this automobile was stolen and plaintiff, an insurer of the vehicle, paid the claim of Omaha Volkswagen, Inc., which then assigned the title in blank to plaintiff. Subsequently, a fraudulent Iowa certificate of title to the vehicle was obtained and it was sold to defendant. Defendant sold it to third parties who obtained a Colorado title based on the fraudulent Iowa title. Dreiling accepted the automobile back upon plaintiff's questioning the right of Dreiling's purchaser to possession of the vehicle. Plaintiff then demanded the vehicle and upon defendant's refusal to deliver, plaintiff instituted this action in replevin to recover the vehicle. At trial plaintiff was successful and defendant now seeks reversal.
Among the several grounds of error alleged, we find one issue raised by defendant as being particularly controlling in this case. This basically involves the nature of a replevin action.
In a replevin action plaintiff cannot rely on defendant's weakness of title to recover. Illinois Building Co. v. Patterson, 91 Colo. 391, 15 P.2d 699. In order to succeed plaintiff has the burden of affirmatively establishing his own title and right of immediate possession to the property in question. Butin v. Rothman, 135 Colo. 477, 312 P.2d 783; Brennan v. W. A. Wills, Ltd., 10 Cir., 263 F.2d 1, cert. den. 360 U.S. 902, 79 S.Ct. 1284, 3 L.Ed.2d 1254. In this particular case, plaintiff has failed to sustain his burden of proof and accordingly judgment in his favor must be reversed.
Our decision is based upon the fact that under applicable Nebraska law, plaintiff failed to comply with the requisite statutory requirements and as a consequence gained no enforceable rights to the vehicle in question. Under R.R.S.1943, Neb. section 60-105, it states:
"* * * (1) No person * * * shall acquire any right, title, claim or interest in or to such motor vehicle * * * until he shall have had issued to him a certificate of title to such motor vehicle * * *. No court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any motor vehicle * * * unless evidenced by certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this act."
It is apparent from the facts in this case that although plaintiff procured an assignment of the existing title, it did not obtain a certificate of title in its name to the vehicle in question. Plaintiff argues that the assignment is in sufficient compliance *155 with the Nebraska statute to vest it with enforceable rights to the vehicle. We disagree. As R.R.S.1943, Neb. section 60-106 makes clear, an assignment of title is not the same as issuance of a new certificate of title. This section, which establishes the procedure for obtaining a certificate of title, states in part:
"* * * (1) Application for a certificate of title shall be made upon a form prescribed * * *.
"(2) Such application shall be filed with the county clerk * * *.
"(3) If a certificate of title has previously been issued for such motor vehicle in this state, the application for a new certificate of title shall be accompanied by such certificate of title duly assigned * * *.
"(4) The county clerk shall use reasonable diligence in ascertaining whether or not the statements in the application for certificate of title are true * * *. If he is satisfied that the applicant is the owner * * * the county clerk shall issue a certificate of title * * * but not otherwise."
When sections 60-105 and 60-106 are interpreted together, we find that Nebraska intended strict compliance with the statute before a purchaser could acquire title to a vehicle.
This conclusion is buttressed by a Nebraska case, State Farm Mutual Automobile Ins. Co. v. Drawbaugh, 159 Neb. 149, 65 N.W.2d 542. In that case, plaintiff had insured an automobile, which was subsequently stolen and sold to defendant. Plaintiff initiated a suit in replevin to recover the vehicle after it had obtained an assignment of the certificate of title. The Nebraska court refused to enforce plaintiff's right to recover. After noting that in replevin plaintiff must rely on its own title in order to recover, not upon defects in defendant's title, the Nebraska court held that since plaintiff failed to comply with the Nebraska statutes requiring it to apply for a new title upon transfer, it gained no enforceable rights to possession of the vehicle.
Under Colorado law a similar result would occur since our statutes also require that upon transfer of a vehicle, the transferee must obtain a certificate of title in order to obtain any enforceable rights to the vehicle, C.R.S.1963, 13-6-9; C.R.S.1963, 13-6-9. As was stated in Codding v. Jackson, 132 Colo. 320, 287 P.2d 976:
"* * * (T)hese provisions are more than merely administrative, they are mandatory. Unless strict compliance with the statute is made no interest or right of any kind can be transferred. * * *."
The policy reason behind requiring strict compliance with the statute in order to obtain enforceable rights to the vehicle is to minimize illegal transactions involving transfer of motor vehicles. As was stated in Codding, supra:
"* * * The statutes are designed to provide a method whereby the licensing authorities may check and control the chain of title as it passes from one private purchaser to another, * * *. It is apparent that the Legislature concluded as a matter of public protection that all the right or interest of any kind in and to an automobile is wrapped up in, and subject to, a strict compliance with the law concerning the certificate of title. * * *"
We conclude therefore that as plaintiff had no enforceable rights to the vehicle in question by virtue of its non-compliance with either the Nebraska or Colorado statutes, its suit in replevin must fail for it cannot sustain its burden of proving superior right to possession of the vehicle over defendant.
Judgment reversed with directions to dismiss plaintiff's complaint.
DUFFORD and PIERCE, JJ., concur.