## No. 26471

The People of the State of Colorado, by and through their duly appointed representatives, Robert L. Russel, District Attorney, et al. v. The District Court for the Fourth Judicial District, State of Colorado, The Honorable George M. Gibson, as one of the judges of the District Court

(526 P.2d 289)

Decided September 9, 1974.     Rehearing denied September 30, 1974.

Robert L. Russel, District Attorney, Jerry C. Nelson, Deputy, for petitioner.

Robert D. Briggle, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding, C.A.R. 21, brought by the People, which seeks an order of reinstatement of criminal charges dismissed by respondent judge. We issued an order to show cause why that relief should not be granted and the case has been presented before this court. We make the rule absolute.

I.

On January 4, 1974, a three-count information was filed in the El Paso County District Court charging Rosario Atencio with the following: (1) sale of a narcotic drug with the intent to induce or aid another to unlawfully use or possess such narcotic drug, C.R.S. 1963, 48-5-20 (1)(a) and (c); (2) conspiracy to do the same, 1971 Perm. Supp., C.R.S. 1963, 40-2-201; and (3) possession of narcotics, C.R.S. 1963, 48-5-2.

On January 31, 1974, a preliminary hearing was held before respondent judge per Crim. P. 7(g) [now numbered

7(h)]. The People's witness, an undercover narcotics agent, testified that he visited the defendant's home on two occasions and purchased narcotics. He also testified that in selling him some heroin the defendant had told him "not to take too much" but that "he wanted him to try it." This testimony, of course, was offered to show that there was probable cause to believe that the defendant had committed the two counts based on the intent to induce or aid another to unlawfully use or possess a narcotic. Following defense testimony, the respondent judge ordered the defendant bound over for trial on all three counts.

Thereafter, on February 27, 1974, the defendant filed a motion to reduce or dismiss charges based on his view that the narcotics inducement statutes were unconstitutional. The People objected to the hearing and the respondent ruled that it would not accept new evidence, but rather, limit the hearing to a review of the preliminary hearing transcript and oral argument. In its ruling of April 19, 1974, the respondent ordered that the inducement or aid counts be dismissed, and that lesser counts be substituted. The record is clear in establishing that the respondent's reason for the reduction was a belief that the evidence deduced at the preliminary hearing did not, upon reflection and re-examination, support the charges. This original proceeding was then brought.

II.

The crucial issue here is whether a district court which has previously found that there is probable cause to believe a defendant has committed a crime has authority to later order those charges be dismissed or reduced based on the concluded preliminary hearing. We hold that the court does not and therefore make the rule absolute.

The Rules of Criminal Procedure permit the filing of an information in the district court. Crim. P. 7(b). Either the district attorney or defendant may request a preliminary hearing. Crim. P. 7(g)(1) [now Crim. P. 7(h)(1)]. The purpose of a preliminary hearing is to determine whether there is probable cause to believe that the defendant has committed a crime. *People ex rel. Farina v. District Court,* 184

Colo. 406, 521 P.2d 778 (1974); *People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). Evidence to support a conviction is not necessary. Therefore, a finding by the district court that there is probable cause can only have one result as set forth in the rule "[The court] *shall* set the case for arraignment or trial." Crim. P. 7(g)(4) [now Crim. P. 7(h)(4)]. This mandate precludes subsequent re-examination or reflection. There is no provision for rehearing on or reconsideration of a ruling on completion of a preliminary hearing. In short, respondent court has no jurisdiction to later reopen the matter after bind-over and to reduce the charges. The information is ordered to be reinstated and the cause set for arraignment and trial.

The rule is made absolute.