UNITED STATES of America, Plaintiff-Appellee,

v.

Steven Ira SOLOW, Defendant-Appellant.

No. 77–5796

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 14, 1978.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Gerald H. Goldstein, San Antonio, Tex., Mark A. Cohen, Austin, Tex., Maury Maverick, Jr., San Antonio, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

In this case we uphold the constitutionality of the classification of cocaine as a narcotic drug controlled by the Comprehensive Drug Abuse Prevention and Control Act of 1970. 21 U.S.C.A. §§ 801–966.

Defendant was indicted for conspiracy and possession with intent to distribute cocaine. A hearing was held on defendant's motion to dismiss the indictment. At that time, both parties stipulated to facts concerning the merits of the conspiracy charge. The district judge found the facts justified conviction if the Act under which defendant was indicted is constitutional. From the court's decision that the inclusion of cocaine in Schedule II as a controlled narcotic is constitutional, defendant appeals on the ground that such classification of cocaine does not have a "rational basis."

At the hearing, defendant introduced expert testimony of a psychologist and a pharmacist. The substance of their testimony was that cocaine is not a narcotic drug in the pharmacological sense, is not physically addicting, and in their opinions, is less dangerous than nicotine or alcohol. The witnesses did admit that cocaine can cause psychological dependence and degeneration of the nasal passage, is subject to overuse, and can possibly be lethal.

The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. §§ 801–966, established five schedules of controlled substances. A controlled substance is categorized in a particular schedule according to its potential for abuse, its medical usefulness, and the consequences of its use. 21 U.S.C.A. § 812. Cocaine is a Schedule II substance because (1) it has a high potential for abuse, (2) it has a currently accepted medical use in treatment in the United States, possibly with severe restrictions, and (3) abuse of the drug may lead to severe psychological or physical dependence. 21 U.S.C.A. § 812(b)(2). Schedules I and II include many "narcotic drugs," which are defined in § 802(16) as anything produced from opium, coca leaves, opiates, or chemically identical substances. Decocainized coca leaves or extracts of coca leaves without cocaine or ecgonine are excluded. The maximum penalty for possession with intent to distribute a "narcotic drug" is 15 years imprisonment, a $25,000 fine, and a mandatory special parole of three years. Nonnarcotic drugs in the same schedules carry a maximum penalty of five years imprisonment and a $15,000 fine. 21 U.S.C.A. § 841.

The test to be applied when a legislative classification is attacked was set out in *United States v. Carolene Products Co.,* 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1243 (1938). Judicial inquiry is limited to whether any state of facts, either shown or reasonably assumed, supports the legislative judgment. "[C]ourts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws." *Ferguson v. Skrupa,* 372

**1320**

U.S. 726, 730, 83 S.Ct. 1028, 1031, 10 L.Ed.2d 93 (1963). The district court found that Congress acted rationally in classifying cocaine as a Schedule II drug because of its potential for abuse, its potential for psychological dependence, and its relationship to other criminal activity.

Though we have not dealt with this precise issue previously, the courts that have, have upheld the statute. *See, e. g., United States v. Harper,* 530 F.2d 828 (9th Cir. 1976), *cert. denied,* 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976); *United States v. Smaldone,* 484 F.2d 311 (10th Cir. 1973), *cert. denied,* 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974). *See also Padilla v. United States,* 278 F.2d 188 (5th Cir. 1960) (cocaine held to be a "narcotic drug" under previous statute). On the basis of this authority, we uphold the decision of the district court on the constitutionality of the statute under which defendant was indicted.

■ Defendant was sentenced to three years with five years special parole on each count. He does not argue that this sentence is excessive, but argues that any sentence, any loss of liberty, for possession of cocaine is a per se violation of the eighth amendment. The statutory classification of cocaine being constitutional, and the sentence being within the statutory limits, no violation of the eighth amendment appears. *See Rener v. Beto,* 447 F.2d 20 (5th Cir. 1971), *appeal dismissed,* 405 U.S. 1051, 92 S.Ct. 1521, 31 L.Ed.2d 787 (1972); *United States v. Drotar,* 416 F.2d 914 (5th Cir. 1969), *vacated on other grounds,* 402 U.S. 939, 91 S.Ct. 1628, 29 L.Ed.2d 107 (1971).

AFFIRMED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.