The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Edward E. ROOT, Defendant-Appellee.

No. 81SA447.

Supreme Court of Colorado,
En Banc.

Sept. 7, 1982.

Durant D. Davidson, Dist. Atty., Douglas R. Manley, Deputy Dist. Atty., La Junta, for plaintiff-appellant.

Edward Garlington, Jr., La Junta, for defendant-appellee.

HODGES, Chief Justice.

The People appeal from a trial court judgment dismissing a two-count amended information which charged the defendant, Edward Root, with crimes under the Colorado Controlled Substance Act. Sections 12–22–301, et seq., C.R.S. 1973 (1978 Repl. Vol. 5) (1981 Supp.). Count I charged the defendant with the unlawful possession of a "Schedule II" controlled substance (cocaine) in violation of section 18–18–105(2)(a), C.R.S. 1973 (1978 Repl. Vol. 8) (1981 Supp.). Count II charged the defendant with the unlawful distribution of marijuana in violation of section 18–18–105(2)(c), C.R.S. 1973 (1978 Repl. Vol. 8) (1981 Supp.).

At the conclusion of a preliminary hearing, the trial court ordered both counts dismissed on the basis that the district attorney had failed to establish probable cause for the prosecution of the defendant. We reverse and order that the charges be reinstated.

I.

At the preliminary hearing, Detective Spencer of the La Junta Police Department testified that on the evening of July 31, 1981, he observed the defendant drive into the Otero Savings and Loan parking lot and park. Shortly thereafter, a second vehicle driven by Barbara Schneider entered the lot. After a brief conversation, Schneider got into the defendant's car and was hand-

ed a plastic bag containing marijuana.[1] After Spencer observed the transaction, both Schneider and the defendant were arrested.

Following the arrest, the defendant's vehicle was searched by Detective Spencer pursuant to the defendant's consent. In addition to finding a second bag of marijuana, marijuana seeds and assorted "drug paraphernalia," several cannisters containing a "white powdery substance" were discovered. Samples of the powder were sent to the Colorado Bureau of Investigation (CBI) where each was analyzed to be "cocaine."[2]

## II.

■ The defendant was charged in Count I with the unlawful possession of a Schedule II controlled substance. The information stated:

"... on or about the 31st day of July, 1981, in the County of Otero, State of Colorado, Edward E. Root did then and there knowingly and feloniously possess a Schedule II controlled substance, to-wit: cocaine, a salt, compound derivative, and preparation of coca leaves...."

The trial court dismissed this charge on the ground that the CBI report, which only identified the substance found in the defendant's car as "cocaine," did not establish that the defendant had an illegal drug in his possession. This was so, the trial court reasoned, because the term cocaine is not specifically used in the statutory definition of a Schedule II controlled substance.

The Colorado Controlled Substance Act, *supra,* (Sec. 12–22–310(1)(a)(V)), defines a "Schedule II" narcotic drug as follows:

"Coca leaves and any salt, compound, derivative or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of the substances; except that the substances shall not include decocainized coca leaves or extractions of coca leaves, which extractions do not contain cocaine or ecgonine."

■ The plain language of this section leaves no doubt but that it was the legislative intent that *any* derivative of coca leaves, including cocaine,[3] be included as a "Schedule II" controlled substance. This conclusion is supported by numerous federal court decisions which have interpreted an identical statute, 21 U.S.C. § 812(c), Schedule II(a)(4). *See United States v. Jones,* 543 F.2d 627 (8th Cir. 1976); *United States v. Foss,* 501 F.2d 522 (1st Cir. 1974); *United States v. Mills,* 463 F.2d 291 (D.C. Cir. 1972); *Padilla v. United States,* 278 F.2d 188 (5th Cir. 1960). Accordingly, we find that the trial court erred in dismissing Count I.

## III.

■ Similarly, we find that the district court erred in dismissing Count II of the information which charged the defendant with distributing marijuana in violation of section 18–18–105(2)(c). The trial court ruled in effect that the district attorney had failed to sufficiently establish that the defendant received any consideration for the marijuana provided Schneider.[4]

---

1. Spencer testified that he suspected the bag contained marijuana based on the "dark green leafy" nature of its contents. Subsequent to the arrest, the contents were analyzed by the La Junta Department of Public Safety to be Cannabis Sativa L, (marijuana).

2. In all, seven separate samples were sent. The CBI report, which was admitted at the preliminary hearing, concludes: "The analysis of the white powder in exhibits No. 1 through No. 7 disclosed that they all contain cocaine."

3. Cocaine is defined as a "bitter crystalline alkaloid obtained from coca leaves and used as a narcotic and local anesthetic." *Webster's Third New International Dictionary* at 434 (G &

C Merriam Co. 1966); *see also* 4 *Gray's Attorneys' Textbook on Medicine,* ch. 132 at 132–181 (3d ed. 1974).

4. In ruling that some form of consideration must pass to the defendant for conviction of dispensing marijuana in violation of section 18–18–105(2)(c), the trial court relied on section 18–18–106(5), which provides:

"Transferring or dispensing not more than one ounce of marijuana from one person to another for no consideration shall be deemed possession and not dispensing or sale thereof."

The fact that the defendant received the consideration is clearly evidenced by Detective Spencer's testimony that following the arrest Schneider stated that she had previously given the defendant ten dollars for the marijuana. While the defendant initially told the police that he used the money to purchase the drugs necessary for the transaction, he refused to disclose the source of the marijuana. Moreover, the defendant later changed his story, maintaining that no transaction occurred on the night of the arrest. Reviewing this evidence in a manner favorable to the prosecution, *People ex rel. Russell v. Hall,* Colo., 620 P.2d 34 (1980), we determine it is sufficient to induce a person of ordinary prudence and caution to reasonably conclude that the defendant may have committed the crime charged. *People v. Armijo,* 197 Colo. 91, 589 P.2d 935 (1979); *People v. District Court,* 186 Colo. 136, 526 P.2d 289 (1974).

The judgment of the trial court is reversed and the cause is remanded for reinstatement of the charges.

DUBOFSKY and QUINN, JJ., dissent.

DUBOFSKY, Justice, dissenting:

I respectfully dissent.

The district court here dismissed without prejudice the two counts against the defendant Edward E. Root. The judge implied that he expected the People to refile the charges, and my review of the record indicates that refiling would have been simple and far more appropriate than an appeal which adds to the court system's already strained resources.

The district court dismissed count 1, possession of a schedule II controlled substance in violation of section 12–22–310 and section 18–18–105, C.R.S. 1973 (1981 Supp.), because a key Colorado Bureau of Investigation (C.B.I.) report was not framed in the language of the statute. The C.B.I. analyzed a white powdery substance found in the defendant's car, and the C.B.I. laboratory report, introduced at the preliminary hearing by the People, was the only evidence identifying the substance, cocaine. The People did not present any evidence that the substance was controlled under section 12–22–310 which lists any salt, compound, derivative, or preparation of coca leaves, but does not specifically mention cocaine. Nor did the People ask the court to take judicial notice that cocaine is a derivative of coca leaves. When the district court dismissed count I, it suggested that the C.B.I. report could be framed in statutory language.

Rather than directing the district court to take judicial notice that section 12–22–310 includes cocaine as a schedule II controlled substance, as the majority does, I would leave the People to obtain an amended report from the C.B.I., to refile the charge of possession of coca leaves, and to introduce the amended report at another preliminary hearing, if requested.

With respect to the charge of distributing marijuana in violation of section 18–18–105(2)(c), C.R.S. 1973 (1981 Supp.)[1], the record indicates confusion as to whether this was a dispensing, sale, distribution or possession case. Part of the confusion is attributable to the language of section 18–18–105(1)(a) read in conjunction with the language of section 18–18–106(5), C.R.S. 1973 (1981 Supp.), which provides:

> Transferring or dispensing not more than one ounce of marihuana from one person to another for no consideration shall be deemed possession and not dispensing or sale thereof.[2]

1. Section 18–18–105 provides:

    (1)(a) ... [I]t is unlawful for any person knowingly or intentionally to manufacture, dispense, sell, or distribute, with or without remuneration, to possess, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, a controlled substance....

    (2) Any person who violates any of the provisions of subsection (1) of this section:

    .    .    .    .    .    .

    (c) In the case of ... marihuana..., except as provided in section 18–18–106, commits:

    (I) A class 5 felony....

2. Section 18–18–102, C.R.S. 1973 (1981 Supp.) defines all terms used in Article 18 with the

The district court relied on section 18–18–106(5) when it ruled that there was no evidence that "any consideration went to the defendant in this case." Section 18–18–106(5) does not reflect to whom the consideration must go, but the two police officers, who were the only witnesses at the preliminary hearing, did not see any consideration and merely repeated conflicting stories told to them by Barbara Schneider and the defendant. Before us, the People argue that if there was no consideration for this distribution, the district court should have bound the case over on a lesser included charge of possession. However, again the court dismissed the charge without prejudice to refile it or a lesser included charge, and given the amount of marijuana involved and the lack of direct evidence of consideration, *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975), I believe the People should have refiled a charge of distribution or possession of marijuana rather than engage in a time-consuming appeal. I would affirm the judgment of the district court.

I am authorized to say that QUINN, J., joins me in the dissent.

same meanings as those set forth in section 12–22–303, C.R.S. 1973 (1981 Supp.) where "distribute" means to deliver a controlled substance other than by administering or dispensing, and "dispensing" is defined in section 12–22–102(9), C.R.S. 1973 (1981 Supp.) as preparing "a drug or device pursuant to a lawful prescription order...."