652 P.2d 582 (1982)
The PEOPLE of the State of Colorado, Petitioner,
v.
The DISTRICT COURT Within and For the TWENTY-SECOND JUDICIAL DISTRICT OF the STATE OF COLORADO, and the Honorable Willard W. Rusk, Jr., Judge Thereof, Respondents.
No. 82SA130.
Supreme Court of Colorado, En Banc.
October 12, 1982.
*583 Warwick Downing, Dist. Atty., Craig S. Westberg, Deputy Dist. Atty., Cortez, for petitioner.
J. Gregory Walta, Colorado State Public Defender, Gerald E. Piper, Deputy State Public Defender, Denver, for respondents.
*584 ROVIRA, Justice.
The People petition this court for relief in the nature of prohibition and mandamus pursuant to C.A.R. 21. We issued our rule to show cause and now make the rule absolute in part, and we discharge it in part.

I.
On March 24, 1981, a criminal complaint was filed in the Montezuma County Court charging Joseph J. Beyette with attempted second-degree murder,[1] first-degree assault,[2] second-degree assault,[3] and criminally negligent homicide,[4] in connection with the shooting and wounding of Toby Velasquez and the death of Cindy Beyette, the defendant's wife.[5]
A preliminary hearing was held at which the only evidence presented by the People was the testimony of Ronald M. Barker, a Cortez police detective. At the conclusion of the hearing, the county judge made a finding of probable cause and bound the case over to the district court.
Subsequently, Beyette filed a motion to dismiss the charges against him, or, in the alternative, for a new preliminary hearing on the grounds that he had not received a fair and impartial preliminary hearing and that the evidence failed to establish probable cause as to the offenses charged. The parties agreed that the respondent district court should read the transcript of the preliminary hearing and, based on that reading, grant or deny the defendant's motion.
After examining the transcript, the district court granted the defendant's motion to dismiss as to the charge of attempted second-degree murder, holding that probable cause had not been shown. It denied the motion as to the other charges and the request for another preliminary hearing.
In March 1982, at the beginning of the jury trial, defendant moved to dismiss the charge of first-degree assault, contending that section 18-3-202(1)(c), C.R.S.1973 (1978 Repl.Vol. 8), was unconstitutional. He claimed that the statute was vague and violated his right to equal protection in that it was indistinguishable from section 18-3-203, C.R.S.1973 (1978 Repl.Vol. 8), second-degree assault.
The respondent trial court held that the first-degree assault statute was constitutional, but reconsidered its earlier probable cause ruling and dismissed the charge of first-degree assault on the ground that there was insufficient evidence adduced at the preliminary hearing to support the charge.
After the jury was selected, the defendant sought to prevent Diana Velasquez, a prosecution witness, from testifying, because she had undergone hypnosis by an officer of the Farmington, New Mexico, police department. The fact that the witness had been hypnotized for the purpose of aiding her to recall the facts in greater detail was made known at the preliminary hearing, which was held eleven months before trial. The court received into evidence two statements made by the witness prior to her hypnosis and a transcript of the statements made while under hypnosis. Relying on the case of State v. Hurd, 86 N.J. 525, 432 A.2d 86 (1981), decided by the New Jersey Supreme Court, which established certain conditions as a prerequisite for allowing a witness to testify after undergoing hypnosis, the trial court ruled that the witness would be disqualified from testifying because the hypnotic interview had tainted her, and any testimony she gave would not represent her own free memory.
For reasons not pertinent to this proceeding, a mistrial was declared. The People immediately filed their petition pursuant to C.A.R. 21 seeking reinstatement of the *585 charges of attempted murder in the second degree and first-degree assault and a reversal of the ruling disqualifying the witness. The People invoke the original jurisdiction of this court on the ground that if they are forced to proceed to trial on the remaining two counts jeopardy will have attached, and they will be foreclosed from proceeding on the charges which were dismissed by the respondent trial court.

II.
A threshold question that must be resolved is whether it was proper for the district court to review the county court's finding of probable cause. We believe that it was not.
Rule 5 of the Colorado Rules of Criminal Procedure provides for a preliminary hearing in a county court to determine whether probable cause exists to believe that the offense charged in a felony complaint was committed by the defendant. If the county judge finds probable cause, "he shall order the defendant bound over to the appropriate court of record for trial." Crim.P. 5(a)(4)(III).
In reviewing a similar provision in Rule 7, concerning preliminary hearings in the district court where a direct information is filed, we held that a district court that had previously found probable cause to believe a defendant had committed a crime did not have the authority later to order the charges dismissed or reduced based upon the concluded preliminary hearing. People ex rel. Russel v. District Court, 186 Colo. 136, 526 P.2d 289 (1974). We concluded that a finding of probable cause can have only one result, as set out in the rulethe court shall set the case for arraignment or trial. We stated the following:
"This mandate precludes subsequent reexamination or reflection. There is no provision for rehearing on or reconsideration of a ruling on completion of a preliminary hearing. In short, respondent court has no jurisdiction to later reopen the matter after bind-over and to reduce the charges."
186 Colo. at 139, 526 P.2d at 290. We believe that this rationale applies equally to review by a district court where a county court has found probable cause.
In People ex rel. Farina v. District Court, 184 Colo. 406, 521 P.2d 778 (1974), we were faced with a question of interpretation of Crim.P. 5 that is relevant here. In Farina, the defendant had waived a preliminary hearing in the county court, but then requested one in the district court. This request was granted over the district attorney's objection. We held that the wording of section 5(a)(5) of the rule[6], directing the county court, if a preliminary hearing is not requested, to "order the defendant bound over to the appropriate court of record for trial," precluded any consideration of probable cause by the district court. 184 Colo. at 409, 421 P.2d at 779-80. We believe that identical wording of section 5(a)(4)(III) precludes any review of the county court's finding of probable cause. Thus, the trial court erred in dismissing the charges for lack of probable cause.[7]
This leaves the question of the effect of the prosecution's stipulation that the district court review the preliminary hearing transcript in ruling on the motion to dismiss as it relates to the attempted second-degree murder charge. Because the prosecution has not raised the issue, we are willing to assume that it considers itself estopped to contest it, bringing us to the merits of the prosecution's claim that the district court erred in finding a lack of probable cause on the attempted second-degree murder charge.

III.
The district court ruled that probable cause was lacking on the charge of the attempted second-degree murder of Toby Velasquez.
*586 It is well established in Colorado that a preliminary hearing is not intended to be a "mini-trial." People v. Quinn, 183 Colo. 245, 516 P.2d 420 (1973). Rather, it is a screening device for the limited purpose of determining whether probable cause exists to believe that a crime was committed and that the defendant committed it. People v. Johnson, Colo., 618 P.2d 262 (1980); People v. Treat, 193 Colo. 570, 568 P.2d 473 (1977). The probable cause standard requires evidence, viewed in the light most favorable to the prosecution, to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime charged. People v. Armijo, 197 Colo. 91, 589 P.2d 935 (1979).
One is guilty of second-degree murder if he "causes the death of a person knowingly, but not after deliberation." Section 18-3-103(1)(a), C.R.S.1973 (1978 Repl.Vol. 8). In order to be guilty of criminal attempt, one must act "with the kind of culpability otherwise required for commission of the offense" and must engage in conduct strongly corroborative of the firmness of his purpose to complete the commission of the offense. Section 18-2-101(1), C.R.S.1973 (1978 Repl. Vol. 8).
The mental culpability requirement for second-degree murder is that one act "knowingly." Section 18-3-103(1)(a), C.R.S.1973 (1978 Repl.Vol. 8). Offenses with the mental culpability requirement of "knowingly" are general intent crimes. There are two factors which must be established to prove second-degree murder. First, the death must have been more than merely a probable result of the defendant's actions. Second, the defendant must have been aware of the circumstances that made death practically certain. The first is an objective standard; the second, a subjective standard. Section 18-1-501(6), C.R.S.1973 (1978 Repl.Vol. 8); People v. District Court, 198 Colo. 70, 595 P.2d 1045 (1979); People v. Mingo, 196 Colo. 315, 584 P.2d 632 (1978).
As to the first factor, testimony at the preliminary hearing, viewed in the light most favorable to the prosecution, shows that the defendant was only three to four feet from Toby Velasquez when he fired the gun. There clearly is probable cause that such action created more than merely a probability of death. See People v. Mingo, supra (jury could conclude that discharging a gun from a distance of three feet creates such a high probability of death that death was practically certain).
As to the second factorthe defendant's awareness of the circumstances the People need not provide direct evidence of the defendant's state of mind. As we have said before, the defendant's subjective awareness may be inferred from his conduct and surrounding circumstances. People v. District Court, supra; People v. Mingo, supra; Keller v. People, 153 Colo. 590, 387 P.2d 421 (1963). Testimony at the preliminary hearing shows that on the morning preceding the shooting the defendant had stated that he intended to use his gun that night. Moreover, the defendant stated sometime after the shooting that "I went to shoot Toby, and the bullet I shot at Toby, got my Cindy." The circumstances surrounding the shooting, including the statements Beyette is alleged to have made, are sufficient to establish probable cause that he was aware of the probable fatal consequences of his actions.
Because probable cause was established as to both factors, the district court erred in dismissing the attempted second-degree murder charge.

IV.
Because of our resolution of the question of whether it was proper for the district court to review the county court's finding of probable cause with respect to the first-degree assault charge, it is not necessary that we address the merits of that dismissal. However, because we believe that the district court made an error of law that may come up again on remand, we make the following comments.
A person has committed first-degree assault if, "under circumstances manifesting extreme indifference to the value of human *587 life, he knowingly engages in conduct which creates a grave risk of death to another person, and thereby causes serious bodily injury to any person." Section 18-3-202(1)(c), C.R.S.1973 (1978 Repl.Vol. 8). Respondent court, relying on the definition of "knowingly" set forth in People v. Marcy, 628 P.2d 69 (Colo.1981), concluded that there was no evidence to show that the defendant knowingly engaged in conduct creating a grave risk of death and "practically certain [to] cause a serious bodily injury to or death to his wife." While it is true that there is no indication that the defendant intended harm to his wife, that argument evidences a misconception of the meaning of the first-degree assault statute.
In the context of a similarly worded statutethe "extreme indifference murder" statute (section 18-3-102(1)(d), C.R.S.1973 (1978 Repl.Vol. 8))[8]we held that there is no requirement that the knowing conduct be directed against the person actually killed. People v. Marcy, supra. A similar conclusion follows from an examination of the wording of the first-degree assault statute, which speaks in terms of creating a grave risk of death to "another person" and thereby causing serious bodily injury to "any person." There is sufficient evidence, as discussed in Part III of this opinion, to support a determination of probable cause that the defendant knowingly engaged in conduct creating a grave risk of death to Toby Velasquez and thereby caused the death of his wife.
Defendant further argues that the prosecution failed to establish that the defendant's conduct resulted in "serious bodily injury" to Cindy Beyette; instead, the evidence tended to establish, if anything, that death, not serious bodily injury, was the result of the defendant's conduct. "Serious bodily injury" is statutorily defined as injury "which involves a substantial risk of death." Section 18-1-901(3)(p), C.R.S.1973 (1978 Repl.Vol. 8). Acceptance of defendant's argument would require us to conclude that an injury resulting in death does not, as a matter of law, constitute an injury involving a substantial risk of death. This we cannot do.

V.
With respect to the testimonial competence of Diana Velasquez after hypnosis, we are reluctant to rule on such an important issue of first impression without a full exposition of the issue in the trial court.
There are three basic approaches that have been taken regarding the use of testimony from witnesses whose memories have been refreshed by hypnosis. In some jurisdictions, prior hypnosis affects the weight of the testimony but not its admissibility. See, e.g., Chapman v. State, 638 P.2d 1280 (Wyo.1982); State v. McQueen, 295 N.C. 96, 244 S.E.2d 414 (1978); State v. Jorgensen, 8 Or.App. 1, 492 P.2d 312 (1971). Other jurisdictions have adopted a rule of per se exclusion. See, e.g., People v. Shirley, 31 Cal.3d 18, 181 Cal.Rptr. 243, 641 P.2d 775 (1982); State v. Mack, 292 N.W.2d 764 (Minn.1980). Still other jurisdictions take an intermediate ground, imposing certain procedural requirements to ensure reliability. See, e.g., State v. Hurd, 86 N.J. 525, 432 A.2d 86 (1981).
The trial court, without the benefit of any expert testimony on the issue, adopted the third approach. While we are not prepared at this time to declare that the trial court adopted the wrong approach, neither are we prepared to say that it adopted the correct one.
The cause is remanded to the district court for reinstatement of the attempted second-degree murder and the first-degree assault charges, as well as a hearing on the testimonial competence of Diana Velasquez.
Accordingly, the rule to show cause is made absolute in part and discharged in part.
LEE, J., does not participate.
NOTES
[1] Sections 18-2-101 and 18-3-103, C.R.S.1973 (1978 Repl.Vol. 8).
[2] Section 18-3-202, C.R.S.1973 (1978 Repl.Vol. 8).
[3] Section 18-3-203, C.R.S.1973 (1978 Repl.Vol. 8).
[4] Section 18-3-105, C.R.S.1973 (1978 Repl.Vol. 8).
[5] The charges of attempted second-degree murder and second-degree assault related to the wounding of Toby Velasquez. The other two charges related to the death of Cindy Beyette.
[6] Then Crim.P. 5(d).
[7] We note that we are not dealing here with the circumstances that existed in Maestas v. District Court, 189 Colo. 443, 541 P.2d 889 (1975), nor are the same procedural issues before us.
[8] Amended in 1981. Colo.Sess. Laws 1981, ch. 212, 18-3-102(1)(d) at 973.