**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Ernest David MARTINEZ, Defendant–Appellee.**

No. 88SA168.

Supreme Court of Colorado, En Banc.

Oct. 16, 1989.

James F. Smith, Dist. Atty., John R. Parsons, Deputy Dist. Atty., and Steven L. Bernard, Chief Trial Deputy, Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, and Thomas M. VanCleave, III, Deputy State Public Defender, Denver, for defendant-appellee.

Justice ROVIRA delivered the Opinion of the Court.

The People, pursuant to section 16–12–102(1), 8A C.R.S. (1986),[1] appeal the jury instruction given at the trial of the defendant, Ernest David Martinez, who was acquitted of the charge of possession of a weapon by a previous offender. The trial court defined "possess" to be the "exercise of exclusive control over an item." We believe that the trial court's definition is incorrect and disapprove the ruling.

I.

An information was filed charging the defendant with possession of a weapon by a previous offender in violation of section 18–12–108, 8B C.R.S. (1986).[2] The charge resulted from defendant's attempt to pawn a rifle and a bow at a pawn shop in Commerce City, Colorado. At trial, Barbara Barr, a co-owner of the pawn shop, testified that Martinez was alone when he entered the shop carrying a rifle and a bow. Barr testified that after some negotiation a price for these items was agreed upon. As part of the transaction, Martinez was required to sign a form which identified the items being pawned and contained a declaration of ownership. The form signed by Martinez indicated that he had paid cash for both the rifle and the bow, and that he

---

1. This section provides in pertinent part that "[t]he prosecution may appeal any decision of the trial court in a criminal case upon any question of law...." Prosecutorial appeals filed after August 1, 1988, must be filed in the court of appeals. *See* C.A.R. 4(b)(2).

2. This section states that:

Any person previously convicted of burglary, arson, or a felony involving the use of force or violence or the use of a deadly weapon, or attempt or conspiracy to commit such offenses, under the laws of the United States of America, the state of Colorado, or another state, within the ten years next preceding or within ten years of his release or escape from incarceration, whichever is greater, who possesses, uses, or carries upon his person a firearm or other weapon mentioned in section 18–1–901(3)(h) or sections 18–12–101 to 18–12–106 commits a class 5 felony. A second or subsequent offense under this section is a class 4 felony.

had owned these items for approximately three years.

Martinez, however, testified that he went to the pawn shop as a favor to his 19-year-old son, David Martinez, who was the owner of the items and needed money. He said that his son was carrying both the rifle and the bow when they entered the pawn shop together. David then went outside and waited while his father completed the transaction. He also testified that David waited outside because he was under age and embarrassed to be involved in the transaction. David's testimony was consistent with that of his father.

Over the prosecutor's objection, the trial court instructed the jury that "to 'possess' means to exercise exclusive control over an item." Martinez was subsequently found not guilty of the charge of possession of a weapon by a previous offender. This instruction is the basis of the prosecution's appeal.

## II.

■ Appeals by the prosecution are limited to cases in which there has been a material error of law, which is prejudicial to the state, for which appellate review will have precedential value. *People v. McFarland,* 193 Colo. 1, 565 P.2d 550 (1977). The determination of whether the trial court's definition of the term "possess" is correct involves a question of law which is appropriate for appellate review.

■ The statute defining the offense of possession of a weapon by a previous offender provides, in pertinent part, that "[a]ny person previously convicted of burglary ... who possesses, uses or carries about his person a firearm ... commits a class 5 felony." *See supra* note 2. The central issue at trial was whether the defendant possessed the rifle. The jury instruction defining "possess" was the only instruction given which related to this critical element of the offense.

We believe that our holding in *People v. Garcia,* 197 Colo. 550, 595 P.2d 228 (1979), is dispositive of the possession issue. In *Garcia,*[3] we indicated that "possession" is "a common term which is to be given its generally accepted meaning." *Id.* at 554, 595 P.2d at 231. In applying this principle, we held that "possession" is "the actual or physical control of a firearm." *Id.*

In *Garcia,* we did not include the requirement of exclusive control in our definition of "possession." We believe that imposing the requirement of exclusive control alters the generally accepted meaning of the term, making it both unduly restrictive and a potential source of confusion for jurors.

The trial court should not give instructions which tend "to mislead or divert the minds of the jury from the real factual issues." *Houser v. Eckhardt,* 168 Colo. 226, 231, 450 P.2d 664, 667 (1969). *See also People v. Alexander,* 663 P.2d 1024 (Colo. 1983). The error complained of does not merely involve the failure to instruct the jury as to the meaning of a common term. *See People v. Powell,* 716 P.2d 1096 (Colo. 1986) (failure to specifically define the term "force" in a sexual assault case not error); *Hamrick v. People,* 624 P.2d 1320 (Colo. 1981) (not error to fail to instruct jury as to meaning of term "cause" in a homicide case); *Tatum v. People,* 174 Colo. 301, 483 P.2d 964 (1971) (trial court's failure to instruct as to the meaning of "recently" in a case involving possession of stolen property not error). Rather, it involves an erroneous instruction to the jury as to a critical element of the offense. *See People v. Riley,* 708 P.2d 1359 (Colo.1985) (erroneous instruction to the jury regarding defendant's good faith required reversal).

We believe that defining "possess," as we defined "possession" in *Garcia,* provides jurors with a commonsense standard, which is adaptable to the rich variety of factual situations which will surely contin-

---

**3.** The statutory provision at issue in *Garcia* provided in pertinent part that:

  A person commits a class 2 misdemeanor if:
  ....

(d) He has in his possession a firearm while he is under the influence of intoxicating liquor or of a narcotic drug or dangerous drug....
§ 18–12–106(1)(d), 8 C.R.S. (1973).

ue to arise. Giving this term its generally accepted meaning also furthers important policy considerations. As we noted in *People v. Trujillo*, 178 Colo. 147, 150–51, 497 P.2d 1, 2–3 (1972), this type of provision is intended:

To limit the possession of firearms by those who, by their past conduct, have demonstrated an unfitness to be entrusted with such dangerous instrumentalities, is clearly in the interest of the public health, safety, and welfare and within the scope of the Legislature's police power.

Accordingly, we disapprove the jury instruction given by the trial court.

ERICKSON, J., concurs in the result only.