**PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Michael ZINN, Defendant–Appellee.**

**No. 92SA9.**

Supreme Court of Colorado, En Banc.

Jan. 11, 1993.

**1352**

Alexander M. Hunter, Dist. Atty., Twentieth Judicial Dist., William F. Nagel, Appellate Deputy Dist. Atty., Boulder, for plaintiff-appellant.

Lawrence S. Mertes, P.C., Lawrence S. Mertes, Boulder, for defendant-appellee.

Justice KIRSHBAUM delivered the Opinion of the Court.

The People appeal the trial court's judgment declaring section 42–2–122(1)(*l*), 17 C.R.S. (1984 & 1991 Supp.), unconstitution-al as violative of the due process rights of the defendant, Michael Zinn.[1] This statute requires a trial court to confiscate a defendant's driver's license immediately upon the defendant's conviction for the unlawful use, sale or possession of a controlled substance[2] and to forward that license, together with a notice of the defendant's conviction, to the Department of Motor Vehicles. We reverse the trial court's judgment and remand the case for further proceedings.

**I**

On April 12, 1991, Zinn sold 3.5 grams of cocaine to an undercover informant in a Boulder County, Colorado, supermarket parking lot. On April 30, 1991, the defendant again sold 3.5 grams of cocaine to another undercover informant at the same location. Upon searching defendant's residence pursuant to a search warrant, police authorities seized 8.4 grams of cocaine from the defendant's home and an additional 27.58 grams of cocaine from his parked vehicle.

On July 12, 1991, the defendant entered guilty pleas to two counts of possession and sale of cocaine, in violation of section 18–18–105, 8B C.R.S. (1986 & 1991 Supp.). At the sentencing hearing on August 23, 1991, the trial court imposed concurrent sentences of four years' probation and sixth months of home detention. The trial court also continued the case for consideration of issues raised by the defendant concerning the statutory requirement of revocation of the defendant's driver's license.

On August 26, 1991, the defendant filed a motion requesting a declaration that section 42–2–122(1)(*l*) was unconstitutional. The defendant argued, *inter alia*, that the statute violated his rights to due process of

---

**1.** The People's appeal is brought pursuant to § 16–12–102(1), 8A C.R.S. (1986).

**2.** *See* §§ 18–18–104 to –106, 8B C.R.S. (1986 & 1991 Supp.).

law [3] because it constitutes a taking of a protected property interest on grounds which bear no reasonable relationship to public health, safety or welfare and because the statute requires no nexus between the offense committed and the act of driving.[4] The trial court granted the motion, concluding that the sanction of revocation of an offender's driver's license for the offense of possession and sale of a controlled substance had no reasonable relationship to the public health, safety and welfare in circumstances wherein the defendant's use, operation, or possession of a motor vehicle was not directly related to the commission of the offense.

## II

Although the defendant challenges only the constitutionality of section 42–2–122(1)($l$), several related statutes delineate the procedures by which the Department of Motor Vehicles (the department) is required to revoke the driver's license of a convicted drug offender. Section 42–2–123.6 provides in pertinent part as follows:

> Immediately upon a plea of guilty or a verdict of guilty by the court or a jury, to an offense for which revocation of a license is mandatory pursuant to section 42–2–122(1)($l$), the court shall require the offender to immediately surrender his driver's license to the court. The court shall forward to the department a notice of conviction, together with the offender's license, not later than five days after the conviction becomes final. . . .

§ 42–2–123.6, 17 C.R.S. (1991 Supp.). Section 42–2–122(1)($l$) requires the department to revoke the license of a driver upon receiving notice of a conviction showing that the driver has "[b]een convicted of any felony offense provided for in [sections 18–18–104 to –106, 8B C.R.S. (1986 & 1991

Supp.) ]." § 42–2–122(1)($l$), 17 C.R.S. (1984 & 1991 Supp.). Sections 18–18–104 to –106, 8B C.R.S. (1986 & 1991 Supp.), define the offenses of unlawful use, sale and possession of controlled substances.

■■■ Certain basic principles of constitutional adjudication are applicable to the issue here presented. Statutes are presumed constitutional, and one who asserts that a statute violates constitutional standards assumes the burden of proving that assertion beyond a reasonable doubt. *Bloomer v. Boulder County Bd. of Comm'rs*, 799 P.2d 942, 947 (Colo.1990); *Firelock, Inc. v. District Court*, 776 P.2d 1090, 1097 (Colo.1989). Absent the presence of a fundamental constitutional right, legislation that bears a rational relationship to a legitimate governmental interest will survive challenges based on the substantive due process clauses of the United States and Colorado Constitutions. *Ferguson v. People*, 824 P.2d 803, 808 (Colo. 1992); *Bloomer*, 799 P.2d at 948.

■■■ The right to drive a motor vehicle on the public highways of this state is not a fundamental right. *Heninger v. Charnes*, 200 Colo. 194, 613 P.2d 884 (1980) (citing *Fuhrer v. Department of Motor Vehicles*, 197 Colo. 325, 592 P.2d 402 (1979); *People v. Brown*, 174 Colo. 513, 485 P.2d 500 (1971); *Love v. Bell*, 171 Colo. 27, 465 P.2d 118 (1970); *People v. Nothaus*, 147 Colo. 210, 363 P.2d 180 (1961)). Furthermore, the issuance of a driver's license does not confer on the licensee a right that is independently entitled to protection against any and all governmental interference or restriction. *Heninger*, 200 Colo. at 198, 613 P.2d at 887. Accordingly, as the defendant concedes, the viability of section 42–2–122(1)($l$) must be measured by the rational basis test, requiring a determination of

---

**3.** Neither the defendant nor the trial court indicated whether the statutory challenge was based on federal or state constitutional grounds or on both. In view of the circumstances of this case, the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and of article II, section 25, of the Colorado Constitution may be deemed co-extensive.

**4.** The defendant also suggests that the statute violates his rights to equal protection of the laws and contravenes the provisions of § 18–1–102(1)(a), 6A C.R.S. (1986). Because the trial court did not address these issues, they are not before us in this limited appeal.

whether the statute bears a rational relationship to a legitimate governmental interest. Whether challenged legislation bears a reasonable relationship to a legitimate governmental interest is a question of law. *Love,* 171 Colo. at 31, 465 P.2d at 121.

■■■ The legislature has broad discretion to enact measures for the protection of the public health, safety and welfare, and we may not substitute our judgment for that of the legislature as to the wisdom of the legislative choice. *Colorado Soc'y of Community and Institutional Psychologists, Inc. v. Lamm,* 741 P.2d 707, 712 (Colo.1987). A statute is within the state's police power if it is reasonably related to the public health, safety, and welfare. *People v. Pharr,* 696 P.2d 235, 237 (Colo. 1984); *People v. Garcia,* 197 Colo. 550, 553, 595 P.2d 228, 230 (1979); *Love,* 171 Colo. at 31, 465 P.2d at 121. Thus, the General Assembly has broad authority to define offenses and to establish sanctions designed to prevent criminal conduct and to punish persons who engage in criminal conduct. *People v. Gibson,* 623 P.2d 391, 395 (Colo.1981); *People v. Childs,* 199 Colo. 436, 439, 610 P.2d 101, 103 (1980); *People v. Bergstrom,* 190 Colo. 105, 108, 544 P.2d 396, 398–99 (1975).[5] By adopting section 42–2–122(1)(*l*), the General Assembly has elected to add the sanction of revocation of a driver's license to the penalties otherwise established for the offense of use, possession or sale of controlled substances. *See* § 18–1–105, 8B C.R.S. (1991 Supp.). *See also Hearings on H.B. 1166,* House Agricultural Committee, January 25, 1989 (statement of Representative Phil Pankey); *Hearings on H.B. 1166,* Senate Transportation Committee, March 3, 1989 (statement of Representative Phil Pankey). House Bill 1166 was the prototype for section 42–2–122(1)(*l*). Ch. 352, sec. 1, § 42–2–122(1)(*l*), 1989 Colo.Sess.Laws 1559.

■■■ In our view, the sanction is reasonably related to the governmental objective of preventing the possession, use or sale of controlled substances. The sanction may be calculated to deter persons from committing offenses involving controlled substances. *See State v. Lite,* 592 So.2d 1202, 1204 (Fla.Dist.Ct.App.1992) (revoking drivers' licenses of those convicted of possession, sale, or trafficking in a controlled substance is rationally related to legislative goal of combatting substance abuse and crime because such punishment will deter the incidence of illicit drug possession, sales, and trafficking; curtail the transportation of illegal drugs; and reduce the mobility of those involved in drugs); *State v. Day,* 84 Or.App. 291, 733 P.2d 937, 939 (1987) (statute denying driving privileges to 13 through 17–year–old persons who are guilty of being minors in possession of illegal drugs is constitutional because it is rationally related to legitimate state interests in deterring drug use and promoting highway safety); *see also Rushworth v. Registrar of Motor Vehicles,* 413 Mass. 265, 596 N.E.2d 340, 344 (1992) (statute providing for automatic driver's license suspension upon conviction of controlled substance violation serves legitimate legislative purposes of deterrence and rehabilitation and thus does not violate substantive due process guarantees). The sanction of driver's license revocation may also have been designed to punish persons who commit such offenses. *See Commonwealth v. Strunk,* 400 Pa.Super. 25, 582 A.2d 1326, 1329 (1990) (statute providing for suspension of minor's driver's license upon conviction for possession or consumption of alcohol where violation was not connected to the possession or operation of a motor vehicle did not violate minor's due process rights; the legislative enactment promotes legitimate state interests in deterrence and punishment). In either event, the sanction is reasonably related to the legitimate legislative purpose of preventing use, posses-

---

**5.** The defendant does not assert that the sanction here challenged violates constitutional guarantees against cruel and unusual punishment. *See* U.S. Const., amend. VIII; Colo. Const. art. II, § 20.

sion or sale of controlled substances.[6] Accordingly, we reject the defendant's assertion that section 42–2–122(1)($l$) violates due process guarantees of the United States and Colorado Constitutions.

## III

The judgment of the district court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

---

**6.** The trial court concluded that the sanction of driver's license revocation for convicted drug offenders was not reasonably related to the legitimate governmental interest of promoting safe driving conditions. *See People v. Linder,* 127 Ill.2d 174, 129 Ill.Dec. 64, 535 N.E.2d 829 (1989). As indicated, the sanction is reasonably related to the governmental interest of prohibiting possession, use or sale of controlled substances. The fact that the sanction appears in the Traffic Code rather than the Criminal Code is immaterial.