**STATE of Missouri, Appellant,**

v.

**John L. RICHARD, Respondent.**

No. SC 89832.

Supreme Court of Missouri, En Banc.

Nov. 17, 2009.

Rehearing Denied Dec. 22, 2009.

Chris Koster, Attorney General, Karen L. Kramer, Shaun J. Mackelprang, Office of Missouri General, Jefferson City, MO, for appellant.

Craig A. Johnston, Office of State Public Defender, Columbia, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

The state of Missouri appeals from a judgment dismissing an information charging John L. Richard with one felony count of possession of a loaded firearm while intoxicated. Section 571.030.1(5), RSMo Supp.2008. The circuit court dismissed the charge on the grounds that section 571.030.1(5) violates the Second Amendment to the United States Constitution and article I, section 23 of the Missouri Constitution. The statute is not facially unconstitutional or unconstitutional as applied to the facts of this case. The judgment is reversed, and the case is remanded.[1]

## FACTS

The state's information and probable cause affidavit alleged that, during a dispute with his wife, Richard threatened to kill himself by "blowing his head off." Richard also stated that if his wife called the police, he would go outside with a gun and make the police shoot him. Richard then ingested an unknown amount of morphine and amitripyline. When police arrived, Richard was seated in his home, unconscious, intoxicated, and in possession of a loaded handgun and extra ammunition.

Richard filed a motion to dismiss the information, asserting that section 571.030.1(5) is unconstitutional. Specifically, Richard asserted that the statute "effectively bans the possession of firearms in the home by anyone who is present in his/her home while intoxicated" and, therefore, violated his federal and state constitutional right to possess a firearm within his home for self-defense. The circuit court sustained the motion and held that section 571.030.1(5) "is unconstitutional to the extent that it prevents a citizen from

---

1. This Court has jurisdiction under Mo. Const. article V, section 3.

possessing a firearm, actual or constructive, in the confines of his home while he or she is legally intoxicated." The state appeals.

## ANALYSIS

### I. Standard of Review

 When considering the legal issue of the constitutional validity of a statute, this question of law is to be reviewed de novo. *City of Arnold v. Tourkakis*, 249 S.W.3d 202, 204 (Mo. banc 2008). "A statute is presumed to be constitutional and will not be invalidated unless it 'clearly and undoubtedly' violates some constitutional provision and 'palpably affronts fundamental law embodied in the constitution.'" *Board of Educ. of City of St. Louis v. State*, 47 S.W.3d 366, 368–69 (Mo. banc 2001) (internal citations omitted). The party challenging the validity of the statute has the burden of proving the statute unconstitutional. *State v. Salter*, 250 S.W.3d 705, 709 (Mo. banc 2008).

### II. Section 571.030.1(5) is not facially unconstitutional

 Section 571.030.1(5) provides that a person commits the crime of unlawful use of weapons if he or she knowingly "[p]ossesses or discharges a firearm or projectile weapon while intoxicated." Richard asserts that section 571.030.1(5) is overbroad and facially unconstitutional. The overbreadth doctrine is, however, limited to the context of the First Amendment. *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); *Dombrowski v. Pfister*, 380 U.S. 479, 486, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Richard attempts to bypass this precedent by asserting that *State v. Beine*,

162 S.W.3d 483 (Mo. banc 2005), extends the overbreadth doctrine beyond the First Amendment context. In *Beine*, this Court found there was insufficient evidence to support a conviction for sexual misconduct involving a child by indecent exposure, section 566.083.1(1). *Id.* at 485. The majority proceeded to conclude, however, that the statute was also unconstitutionally overbroad. *Id.* at 486–87. The constitutional analysis in *Beine* was unnecessary to resolve the case and, as a result, is dicta. The dicta in *Beine* does not extend the long-standing precedent that limits the overbreadth doctrine to cases implicating First Amendment concerns. Richard's case does not involve a First Amendment issue. Consequently, the overbreadth doctrine has no application, and there is no basis for holding that section 571.030.1(5) is facially unconstitutional.

### III. Section 571.030.1(5) is not unconstitutional as applied

The United States Supreme Court never has held that the Second Amendment to the United States Constitution applies to the states. *District of Columbia v. Heller*, — U.S. —, —, 128 S.Ct. 2783, 2813, 171 L.Ed.2d 637 (2008).[2] Consequently, Richard's claim will be analyzed under the Missouri Constitution.

 Article I, section 23 of the Missouri Constitution provides as follows:

That the right of every citizen to keep and bear arms in defense of his home, person and property, or when lawfully summoned in aid of the civil power, shall not be questioned; but this shall not justify the wearing of concealed weapons.

---

**2.** The United States Supreme Court has granted a petition for a writ of certiorari in *McDonald, et al. v. City of Chicago*, — U.S. —,

130 S.Ct. 48, 174 L.Ed.2d 632, on the question of whether the Second Amendment applies to the states.

The state constitutional right to keep and bear arms, like the Second Amendment, is not absolute.[3] The state has the inherent power to regulate the carrying of firearms as a proper exercise of the police power. *State v. Horne,* 622 S.W.2d 956, 957 (Mo. banc 1981).[4]

The function of police power is to preserve the health, welfare and safety of the people by regulating all threats harmful to the public interest. *See Craig v. City of Macon,* 543 S.W.2d 772, 774 (Mo. banc 1976). The legislature is afforded wide discretion to exercise its police power. *Id.* Possession of a loaded firearm by an intoxicated individual poses a demonstrated threat to public safety.[5] Consequently, section 571.030.1(5) represents a reasonable exercise of the legislative prerogative to preserve public safety by regulating the possession of firearms by intoxicated individuals.

The ultimate facts of this case have yet to be established because the circuit court sustained Richard's motion to dismiss the information prior to trial. At this stage of litigation, the facts for assessing Richard's constitutional challenge are provided by the allegation in the state's information and probable cause affidavit. The state alleges facts indicating that Richard was intoxicated and in actual possession of a loaded firearm. These alleged facts constitute a violation of section 571.030.1(5) and, as established above, are within the power of legislative regulation under the police power.

Although section 571.030.5 sets out a specific exception to the rule barring possession or discharge of a firearm while intoxicated, where the person is defending himself or others, Richard argues that the statute could be applied in a manner that effectively would prohibit an intoxicated person from possessing a firearm in the

3. In *Heller,* the Supreme Court noted that the Second Amendment does not confer an unconditional right to bear arms. Therefore, statutes prohibiting the possession of firearms by felons and the mentally ill or prohibiting carrying firearms in schools or government buildings are presumptively "lawful regulatory measures." *Id.* at 2817.

4. Four other states have constitutional provisions that are virtually identical to article I, section 23. *See* Colo. Const. art. II, section 13; Miss. Const. art. III, section 12; Mt. Const., art. 2, section 12; Okla. Const. art. II, section 26. Like Missouri, three of these states expressly have recognized that the right to keep and bear arms can be regulated pursuant to the state's inherent police power. *People v. Garcia,* 197 Colo. 550, 595 P.2d 228 (1979)(statute criminalizing possession of firearms while intoxicated is a valid exercise of police power); *James v. State,* 731 So.2d 1135, 1137 (Miss.1999)(state statute banning possession of firearms by felons is a valid exercise of state police power); *State ex rel. Oklahoma State Bureau of Investigation v. Warren,* 975 P.2d 900, 902 (Okla.1998). The Montana courts have not addressed the issue.

5. *See, e.g., State v. Erwin,* 848 S.W.2d 476 (Mo. banc 1993) (intoxicated person shot and killed his best friend with a 12–gauge pump action shotgun); *State v. Donahue,* 280 S.W.3d 700 (Mo.App.2009) (intoxicated person fired a shot "just to scare people," killing the victim); *State v. Tabor,* 193 S.W.3d 873 (Mo.App.2006) (intoxicated person threatened his roommates with a shotgun, warning he would "blow [them] away"); *Vicory v. State,* 81 S.W.3d 725 (Mo.App.2002) (defendant, who had been drinking with his brother, fired a shot from the window of his house, killing his brother who was outside the home); *State v. Moore,* 949 S.W.2d 629 (Mo.App.1997) (intoxicated person shot his aunt's boyfriend twice in the back of the head at their residence); *State v. Whitley,* 750 S.W.2d 728 (Mo. App.1988) (intoxicated person pointed gun at police officer who knocked on defendant's door in response to a call to respond); *State v. Rainwater,* 602 S.W.2d 233 (Mo.App.1980) (intoxicated husband, allegedly trying to strike his wife with a gun "to teach her a lesson," shot her when she grabbed the gun).

home for lawful self-defense. There is, at this point, no self-defense issue in this case. Richard has no standing to raise hypothetical instances in which the statute might be applied unconstitutionally. *Lester v. Sayles,* 850 S.W.2d 858, 872–873 (Mo. banc 1993). Richard's claim must be analyzed under the facts of this case. Under the facts of this case at this stage of the litigation, his constitutional claims fail.

The circuit court erred in dismissing the state's information charging Richard with violating section 571.030.1(5). The judgment is reversed, and the case is remanded.

PRICE, C.J., RUSSELL, WOLFF, BRECKENRIDGE and STITH, JJ., concur;

FISCHER, J., concurs in separate opinion filed.

ZEL M. FISCHER, J., concurring.

I concur in the principal opinion. I write separately to point out that the Second Amendment to the United States Constitution applies to the states and confers an individual right to keep and bear arms, even though the United States Supreme Court has yet to make that declaration. The fact that the United States Supreme Court has not declared what I believe the law is in this country simply indicates that the United States Supreme Court has not dealt with the issue since the incorporation doctrine became well-settled law.[1]

It is not uncommon for state supreme courts and federal appellate courts to be presented with issues that develop the landscape of constitutional law, including questions of Fourteenth Amendment incorporation. *See State ex rel. Simmons v. Roper,* 112 S.W.3d 397 (Mo. banc 2003) (holding it unconstitutional under the Eighth Amendment to execute individuals who were under 18 years of age at the time of their capital crime); *Nordyke v. King,* 563 F.3d 439 (9th Cir.2009) (incorporating the Second Amendment to the states, but holding local governments may exclude weapons from public buildings and banks); *United States ex rel. Hetenyi v. Wilkins,* 348 F.2d 844 (2nd Cir.1965) (incorporating Fifth Amendment Double Jeopardy Clause to the states); *United States ex rel. Bennett v. Rundle,* 419 F.2d 599 (3rd Cir.1969) (en banc) (incorporating Sixth Amendment right to public trial to the states).

The textual elements and historical background of the Second Amendment that are dealt with extensively in *District of Columbia v. Heller,* —— U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), confirm that the individual right to possess and carry weapons for self-defense is a codified right that preexisted the United States Constitution, the same as certain rights protected by the First and Fourth Amendments. The very text of the Second Amendment implicitly recognizes the

---

1. In concluding that no Supreme Court precedent foreclosed the adoption of the original understanding of the Second Amendment right to bear arms, the United States Supreme Court in *Heller* also concluded:

 It should be unsurprising that such a significant matter has been for so long judicially unresolved. For most of our history, the Bill of Rights was not thought to be applicable to the States, and the Federal Government did not significantly regulate the possession of firearms by law-abiding citizens.

 Other provisions of the Bill of Rights have similarly remained unilluminated for lengthy periods.

 (i.e. First Amendment right to free speech 150 years after ratification of the Bill of Rights). *District of Columbia v. Heller,* —— U.S. ——, ——, 128 S.Ct. 2783, 2816, 171 L.Ed.2d 637 (2008). "For most of our history, the question [regarding whether the Second Amendment recognized the right to possess a firearm unconnected with service in a militia] did not present itself." *Id.* at 2816.

preexistence of the right and declares only that it "shall not be infringed." *Heller,* 128 S.Ct. at 2797.

The United States Supreme Court in *Heller* expressly held that the Second Amendment protects an individual's right to possess a firearm unconnected with service in a militia and to use that firearm for traditionally lawful purposes such as self-defense within the home. *Id.* at 2786. The significance of the determination that the Second Amendment applies to the states and local governments—not just the federal government—is of great importance. Incorporation of the Second Amendment right to bear arms under the Due Process Clause of the Fourteenth Amendment ensures that this fundamental right, as recognized in *United States v. Cruikshank,* 92 U.S. 542, 23 L.Ed. 588 (1875), and *Heller* has the same protections as the other fundamental rights such as free speech and free exercise of religion protected by the First Amendment, the prohibition on unreasonable searches and seizures protected by the Fourth Amendment, and the effective assistance of counsel in the Sixth Amendment.

Like most rights, the Second Amendment right is not unlimited. It is not a right to keep and carry any weapon whatsoever in any manner whatsoever and for any purpose whatsoever. *Heller,* 128 S.Ct. at 2786. The United States Supreme Court has noted reasonable limitations on the possession of firearms by felons and the mentally ill and laws forbidding the carrying of firearms in sensitive places, such as schools and government buildings. *Id.* The Missouri legislature's decision to criminalize possession of a firearm while intoxicated and the State's action pursuant

to § 571.030.1(5) in prosecuting the defendant, who by all accounts was not using the firearm for purposes of self-defense, were reasonable and do not violate the Second Amendment.

In conclusion, I concur with the principal opinion's determination that § 571.030, RSMo Supp.2008, which prohibits possession or discharge of a firearm while intoxicated unless a person is defending himself or others, is not facially unconstitutional nor does it violate Mo. Const. article I, section 23.[2] *See also* § 571.030.5.

---

2. Article I, section 23, of the Missouri Constitution provides as follows:

> That the right of every citizen to keep and bear arms in defense of his home, person and property, or when lawfully summoned in aid of the civil power, shall not be questioned; but this shall not justify the wearing of concealed weapons.