George W. Draper III, Judge,
concurring in result.
I concur with the principal opinion’s holding that section 571.070 is constitutional under article I, section 23, as it was written at the time Santonio L. McCoy (hereinafter, “McCoy”) was charged with and convicted of with his crimes. Consistent with my position in Dotson v. Kander, 464 S.W.3d 190 (Mo. banc 2015), I disagree that strict scrutiny must be applied to any right to bear arms claim brought under article I, section 23 as it was written prior *900 to the 2013 amendment. Accordingly, I concur in result only.
The principal opinion relies on District of Columbia v. Heller, 554 U.S. 570, 595, 128 S.Ct. 2783, 2799, 171 L.Ed.2d 637 (2008), McDonald v. City of Chicago, Illinois, 561 U.S. 742, 791, 130 S.Ct. 3020, 3050, 177 L.Ed.2d 894 (2010), and Dotson to support its position that Missouri courts are obligated to apply strict scrutiny when reviewing section 571.070’s constitutional validity. A careful reading of these cases does not compel such a result.
The Heller Court declined to establish a level of scrutiny when it evaluated the Second Amendment restriction. Heller, 554 U.S. at 634, 128 S.Ct. 2783. In a footnote, the United States Supreme Court stated judicial review required something more than “rational basis” because “[i]f all that was needed to overcome the right to keep and bear arms was a rational basis, the Second Amendment would be redundant with the separate constitutional prohibitions on irrational laws, and would have no effect.” Id. at 629, n. 27,128 S.Ct. 2783. Further, Heller found that the right to keep and bear arms is not unlimited and is “not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.” Heller, 554 U.S. at 626, 128 S.Ct. 2783. The Heller Court was careful to point out: “[Njothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places....” Id. at 626-27, 128 S.Ct. 2783. The Supreme Court went on to identify prohibitions against felons possessing firearms as “presumptively lawful regulatory measures.” Id. at n. 26.
Two years after Heller, the United' States Supreme Court extended the Second Amendment’s application to the states by virtue of the Fourteenth Amendment’s Due Process Clause. McDonald, 561 U.S. 742 at 791, 130 S.Ct. 3020, 177 L.Ed.2d 894. However, the Supreme Court again judiciously avoided naming or applying a particular level of scrutiny when reviewing this fundamental right. McDonald, 561 U.S. at 782-84,130 S.Ct. 3020.
This Court in Dotson resolved an election contest concerning the fairness and sufficiency of the ballot title for the new amendment to article I, section 23, which failed to apprise Missouri voters that “strict scrutiny” would apply to any restriction on the right to bear arms. Dotson, at 197 n. 5. The per curiam opinion in Dotson recognized there was no settled analysis under federal law or Missouri law defining a particular level of judicial scrutiny regarding firearms regulations. Id. However, in a footnote, the per curiam opinion surmised for the first time that “strict scrutiny would have applied under the Missouri constitution had a challenge been made” under article I, section 23 after McDonald because the United States Supreme Court stated the right to bear arms is a fundamental right. Dotson, at 197 n. 5. The principal opinion now asserts it is bound to follow its advisory determination in Dotson now that an actual challenge has reached this Court.
In addition to reaching the issue before it was ripe, I believe Dotson is incorrect and decisively erroneous on this issue because, despite recognizing the right to keep and bear arms as a fundamental right, Heller and McDonald specifically declined the invitation to apply strict scrutiny and explicitly avoided stating what type of scrutiny would apply to cases challenging the right to bear arms. Heller, 554 U.S. at 628-29, 128 S.Ct. 2783; McDonald, 561 U.S. at 782-84,130 S.Ct. 3020. Instead, Heller merely states: “Under any of the standards of scrutiny that we have applied to enumerated constitutional rights, banning from the home the most *901 preferred firearm in the nation to keep and use for- protection of one’s home and family, would fail constitutional muster.” Heller, 554 U.S. at 628-29, 128 S.Ct. 2783 (internal citation and quotation marks omitted).
If the United States Supreme Court purposefully sidestepped applying a particular level of scrutiny in two cases involving this fundamental right, this Court in Dotson was not, as the principal opinion now proclaims, beholden to apply strict scrutiny in an effort to follow the holdings in Heller and McDonald. Likewise, the principal opinion need not reach that far to uphold section 571.070 in this case.
Despite my disagreement about the appropriate standard of review to apply to article 1, section 23 challenges raised prior to the 2013 amendment, section 571.070 can be upheld under the less rigorous standard articulated in State v. Richard, 298 S.W.3d 529 (Mo. banc 2009), and State ex rel. Kansas City, Mo. ■ v. Pub. Serv. Comm’n, 524 S.W.2d 855, 862 (Mo. banc 1975). Those cases stated a reviewing court should examine whether a statute professing to be an exercise of the state police power has a real and substantial relationship to the protection of public safety and does not invade constitutional rights unjustifiably. Id. Here, section 571.070, a statute constituting an exercise of the state’s police power, is constitutional because it has a real and substantial relationship to the protection of the public safety by regulating the possession of firearms by convicted felons and does not unjustifiably invade rights secured by the constitution. Accordingly, I concur in the result reached by the principal opinion affirming the circuit court’s judgment against McCoy.